`**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| THOMAS WILLIAMS, et al., | |
| Plaintiffs, | |
| v. | CAUSE NO.: 2:17-CV-164-TLS |
| INDIANA DEPARTMENT OF CHILD SERVICES, et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants', Indiana Department of Child Services ("DCS"), Jeffrey Tinich, and Ellis Dumas, Motion to Dismiss [ECF No. 67] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

The Plaintiffs filed their Complaint [ECF No. 1] on April 12, 2017 and a First Amended Complaint [ECF No. 33] on February 2, 2018. The Plaintiffs filed a Second Amended Complaint [ECF No. 66] on May 29, 2018, which is now the operative Complaint in this case. The Plaintiffs' claims center around the removal and alleged subsequent abuse of their children while in the care of DCS.

The Plaintiffs state that all the Plaintiffs are African-American. (Pls'. Compl. ¶ 30.) The Plaintiffs allege that Defendant DCS removed the five minor Plaintiffs (the Williams children) in December 2015, even though a family case manager with DCS indicated that no removal was appropriate. (*Id*. ¶¶ 16–17, 36.) The Plaintiffs state that Defendant Jeffrey Tinich was the assigned caseworker for the Williams children and their parents. (*Id*. ¶¶ 46–47.) The Plaintiffs

claim that Defendant Tinich failed to advise the juvenile court that no removal was appropriate. (*Id*. ¶ 17.) The Plaintiffs allege that they were victims of disparate treatment because Tinich acted pursuant to the customs and policies of DCS, which encourages removal of African-American children from homes when removal is unnecessary. (*Id*. ¶¶ 21–23.) The Plaintiffs allege that Defendant Ellis Dumas was the supervisor of Defendant Tinich, had a duty to supervise him, and failed to do so. (*Id*. ¶¶ 37–40.)

The Williams children attended counseling sessions while in foster care. (*Id*. ¶ 50.) While in counseling, the Williams' daughter recanted the abuse allegation made against her mother. (*Id*. ¶¶ 56–57.) The Plaintiffs allege that the counseling services provider attempted to contact Defendant Tinich regarding abuse and neglect concerns of a child in foster care and was unable to do so, which prevented the parents from being informed (*Id*. ¶¶ 80–82, 127–129.) The Plaintiffs claim that Defendant Tinich then removed the counseling services provider as a provider for the children in retaliation. (*Id*. ¶¶ 60–62.) The Plaintiffs aver that the foster mother's son sexually assaulted one of the Williams children repeatedly in the month of December 2015, in the presence of the other Williams children, who were themselves physically harmed, emotionally abused, and/or verbally assaulted. (*Id.* ¶¶ 112–114.) The Plaintiffs allege neither DCS nor Tinich informed the Williams parents of the child's ensuing hospital visit (*Id*. ¶¶ 101–105). The child who was sexually assaulted now has the need for 24 hour medical and psychiatric care. (*Id*. ¶¶ 124–125.)

The Plaintiffs' nine count Complaint against Defendants DCS, Tinich, and Dumas, alleges both state and federal claims. Count I is a state-law "negligence per se" claim alleged against all Defendants; Count II is a state-law negligence based on a failure to exercise reasonable care against all Defendants; Count III is a state-law abuse of process and/or official

misconduct claim against all Defendants; Count IV is a federal claim pursuant to 42 U.S.C. § 1983 against all Defendants alleging a failure to train and supervise; Count V is a federal claim pursuant to 42 U.S.C. § 1983 against all Defendants alleging violations of due process and equal protection; Count VI is a state-law intentional infliction of emotional distress claim against all Defendants; Count VII is a federal 42 U.S.C. § 1983 claim alleging that the Defendants violated the Plaintiffs' Fourth Amendment right to freedom from unreasonable search and seizure; Count VIII is a federal conspiracy claim against all Defendants; and Count XI is a federal 42 U.S.C. § 1983 claim against all Defendants alleging violation of the Plaintiffs' First Amendment right to free speech. The Plaintiffs seek compensatory and punitive damages, future damages, damages for pain and suffering, damages for rehabilitation maintenance, and attorney's fees.

The Defendants filed a Motion to Dismiss [ECF No. 67] on June 12, 2018, the Plaintiffs responded on June 26, 2018 [ECF No. 73], and the Defendants filed a reply on July 3, 2018 [ECF No. 78].

## LEGAL STANDARD

Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiffs, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 67 F.3d 605, 608 (7th Cir. 1995). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Plaintiffs bring several federal claims against the Defendants, alleging that the Defendants violated their First, Fourth, Sixth, and Fourteenth Amendment rights, due process rights, equal protection rights, and committed conspiracy.

### A.     Defendants' Immunity Arguments

The Defendants allege that they are entitled to various forms of immunity and the Plaintiffs are barred from asserting claims against them. The Defendants argue that the Eleventh Amendment prohibits the Plaintiffs' claims against Defendant DCS and that Defendants Dumas and Tinich are entitled to quasi-judicial immunity. As these claims bar suit against these Defendants, the Court will address them first.

#### 1.     *The Eleventh Amendment Bars Suits Against State Agencies*

The Defendants argue that all claims under 42 U.S.C. § 1983 against DCS must be dismissed because the Eleventh Amendment bars suits against state agencies. (Defs.' Mem. in Supp. of Mot. to Dismiss at 5, ECF No. 68.) In response, the Plaintiffs argue that DCS can be held liable pursuant to *Monell* liability and that it has adequately stated a claim for relief under a failure to train theory. (Pls.' Mem. in Resp. at 10–12, ECF No. 74.)

The Plaintiffs attempt to evade the Defendants' argument and claim that DCS can be held liable pursuant to *Monell* liability, which holds that a municipality may be liable "when execution of a government's policy or custom ... inflicts the injury." *Monell v. Dep't of Soc.*

*Servs. of the City of New York,* 436 U.S. 658, 694 (1978). *Monell*'s reach however, is limited and it does not apply to states, state agencies, or state departments. *Joseph v. Bd. of Regents*, 432 F.3d 746, 748-49 (7th Cir. 2005) ("The Supreme Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments."). For the purposes of *Monell* liability, DCS is a state agency and it is well-settled that the Eleventh Amendment prohibits the Court from exercising jurisdiction over it. *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 923 (N.D. Ind. 2009). The Eleventh Amendment is jurisdictional bar and it is irrelevant that the Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) rather than rule 12(b)(1). *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–100 (1984) (holding that the Eleventh Amendment "deprives federal courts of any jurisdiction to entertain" suits against the states). Accordingly, the Plaintiffs' claims against Defendant DCS are DISMISSED WITH PREJUDICE due to lack of jurisdiction.

**2.**     ***The Defendant is not Entitled to Absolute Quasi-Judicial Immunity***

The Defendants argue that they are entitled to quasi-judicial immunity for following the court orders from the juvenile court that instructed them to remove the Williams children. The Defendants maintain that any actions regarding the removal of the children and placement into foster care were the result of following and complying with the court order. (Defs.' Mem. in Supp. at 9–10.) The Plaintiffs argue that neither Tinich nor Dumas qualify for quasi-judicial immunity in this regard because they were incompetent. (Pls.' Mem in Resp. at 17.)

The Seventh Circuit has found social workers are entitled to absolute and qualified immunity in various situations. *Brokaw v. Mercer Cnty.,* 235 F.3d 1000, 1023 (7th Cir. 2000) ("[S]ocial workers and other state actors who cause a child's removal are entitled to qualified immunity because the alleged constitutional violation will rarely—if ever—be clearly

established"); *Millspaugh v. Cnty. Dep't of Pub. Welfare of Wabash Cty.*, 937 F.2d 1172, 1176–77(7th Cir. 1991) ("[S]ocial workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court… Absolute immunity is appropriate when the social worker presents the case to a court, which can protect parents against misuse of public position.").

As the party who argues entitlement to quasi-judicial immunity, the Defendants have the burden to prove such coverage is justified. *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993). Nonjudicial actors who invoke the doctrine must demonstrate that a judge directly and explicitly ordered the actions he or she undertook. *Schneider*, 366 F. App'x at 685. This is a heavy burden as "absolute immunity from civil liability for damages is of a rare and exceptional character." *Finnegan v. Myers*, No. 3:08-CV-503, 2015 WL 5252433, at *26 (N.D. Ind. Sept. 8, 2015) (quoting *Auriemma v. Montgomery*, 860 F.2d 273, 275 (7th Cir. 1988)). Indeed, most claims for qualified immunity are too fact-intensive to be decided on a motion to dismiss. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008).

In considering a Motion to Dismiss, the Court must presume that all well-pleaded allegations are true. The Plaintiffs point out numerous allegations of reckless investigatory and out of court actions, including Defendant Tinich's incompetence, that may not be entitled to absolute immunity. *See Finnegan*, 2015 WL 5252433 at *27 (collecting cases) (discussing cases in which defendants were not entitled to immunity based upon out of court acts). It is possible, accepting the Plaintiffs' allegations as true, that the facts once uncovered "may turn out to be so severe and obviously wrong that the defendants should have known they were violating [the plaintiff's] constitutional rights." *Brokaw*, 235 F.3d at 1023. At this stage of the litigation, the

6

Court lacks enough facts to determine whether Defendant Tinich's actions are entitled to quasi-judicial immunity. Accordingly, the Court cannot say that Defendant Tinich is entitled to quasi-judicial immunity.

B.  **Plaintiffs' First, Fourth, and Fourteenth Amendment Claims**

As the Court has dismissed the Plaintiffs' federal claims against Defendant DCS for lack of jurisdiction, the Court will only address the parties' federal arguments in relation to Defendants Tinich and Dumas. The Plaintiffs bring First, Fourth, and Fourteenth Amendment claims against Defendants Tinich and Dumas pursuant to 42 U.S.C. § 1983. The Defendants challenge the sufficiency of each of these claims and the Court will address them separately.

Section 1983 provides, in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

3.  *Plaintiffs' First Amendment Claim (Count XI)*

The Plaintiffs allege that their rights pursuant to the First Amendment were violated via retaliation. Specifically, the Plaintiffs allege that the Defendants retaliated against them when they removed Crown Counseling from the case after Janet Williams informed Tinich about her concerns. The Defendants argue that the Plaintiffs fail to state a claim for retaliation as the Plaintiffs' complaint was not in the "public interest." (Defs.' Mem. in Supp. of Mot. to Dismiss

7

at 23.) In response, the Plaintiffs argue that that it would be inappropriate for the Court to dismiss the Plaintiffs' First Amendment claim based upon the Defendants' alleged affirmative defense. (Pls.' Mem. in Resp. at 24.)

The Plaintiffs misstate the Defendants' argument. The Defendants do not allege that an affirmative defense bars the Plaintiffs' First Amendment claims. Rather, the Defendants challenge the sufficiency of the Plaintiffs' claims, which is proper for the Court to consider the sufficiency of a First Amendment claim on a motion to dismiss. *See, e.g., Oszust v. Town of St. John*, 212 F. Supp. 3d 770, 780 (N.D. Ind. 2016); *Comer v. Hous. Auth. of City of Gary, Ind.*, 615 F. Supp. 2d 785, 789 (N.D. Ind. 2009). Thus, the Defendants' arguments challenging the Plaintiffs' First Amendment claims pursuant to Rule 12(b)(6) are appropriate for consideration.

"[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions ... for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citation omitted). To prevail on their Section 1983 retaliation claim, the Plaintiffs' must allege: (1) protected activity, (2) a deprivation that would likely deter First Amendment activity in the future and (3) that the First Amendment activity was a motivating factor in the defendants' decision to take the retaliatory action. *Oszust*, 212 F. Supp. 3d at 779–80 (N.D. Ind. 2016) (citing *Novoselsky v. Brown*, 822 F.3d 342, 354 (7th Cir. 2016).

The Court must determine whether the Plaintiffs' speech is constitutionally protected, which is a question of law, not fact. *McArdle v. Peoria Sch. Dist. No. 150*, 705 F.3d 751, 754 (7th Cir. 2013). "To make this determination, a court analyzes: (1) whether the plaintiff was speaking 'as a citizen'; (2) whether the plaintiff spoke on a 'matter of public concern'; and (3) whether balancing the plaintiff's interest, as a citizen, in commenting on the matter against the state's interest, as an employer, in promoting effective and efficient public service weighs in

favor of deeming the speech 'protected.'" *Ferguson v. Cowen*, No. 3:11-CV-486 JVB, 2013 WL 5348479, at *6 (N.D. Ind. Sept. 23, 2013)

The Plaintiffs' pleadings indicate that Janet Williams was concerned with only her own children and the Complaint does not indicate how her concerns were a "matter of public concern." The Complaint's references to alleged improprieties within Indiana DCS appear wholly unconnected to the substance of Janet Williams' conversation with Defendant Tinich. The Plaintiffs pursued a personal "goal that had no broader application or ramification." *Shafer v. City of Fort Wayne*, 626 F. Supp. 1115, 1123 (N.D. Ind. 1986). The Plaintiffs fail to plead that they spoke on a "matter of public concern" and did not plead that they engaged in protected activity. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the Plaintiffs' First Amendment claims in Count IX against Defendants Dumas and Tinich.

**4.**     *The Plaintiffs' Failure to Supervise Claim Fails (Count IV)*

The Plaintiffs bring a failure to supervise claim against Defendant Dumas pursuant to 42 U.S.C. § 1983. The Plaintiffs argue that Defendant Dumas acted with "deliberate indifference," was "reckless," and "should have known" of Tinich's alleged conduct. (Pls.' Compl. ¶¶ 39, 49, 134.) The Plaintiffs allege that Dumas "had a duty to supervise Tinich," and his failure to train Defendant Tinich resulted in the deprivation of the Plaintiffs' protected liberty and property interests. (*Id*. at ¶¶ 131, 136.) The Defendant argues that the Plaintiffs' claims against Defendant Dumas for failure to train or supervise Tinich should be dismissed as the Plaintiffs failed to plead that Dumas was aware or approved of Defendant Tinich's conduct. (Defs.' Mem. in Supp. at 5–6.) The Plaintiffs rebut the Defendants' argument with conclusory statements, such as "they are improperly trained in how to provide relevant and truthful information to the court…" and "it is

not uncommon for DCS to have bad relations with the court due to case workers not having proper training…" (Pls.' Mem. in Resp. at 13–14.)

The Plaintiffs' arguments in response are unpersuasive. There is no general respondeat superior liability pursuant to § 1983. "For constitutional violations under § 1983…a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). A government actor can be held liable for only his own misdeeds, not those of anyone else. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The Plaintiffs attempt to mutate an underlying respondeat superior claim into a failure to train claim pursuant to § 1983, however, "[a]n allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). "In order to ensure that isolated instances of misconduct are not attributable to a generally adequate policy or training program, we require a high degree of culpability [to avoid] creating de facto respondeat superior liability." *Id*. The Plaintiffs do not allege that Defendant Dumas was personally involved in the decision to remove the Williams children or any action Defendant Tinich undertook. As the Plaintiffs failed to allege that Defendant Dumas knew of or participated in the alleged unconstitutional conduct as a result of some alleged failure to supervise or train, the Court DISMISSES WITHOUT PREJUDICE Count IV against Defendant Dumas.

5.  *Plaintiffs' Fourth and Fourteenth Amendment Claims (Count VII)*

The Plaintiffs also bring Fourth and Fourteenth Amendment claims against the Defendants. The Plaintiffs allege that their Fourth Amendment rights were violated because they were subject to unreasonable search and seizure due to the practice and custom of DCS to remove African-American children from the care of their parents. (Pls.' Resp. at 14.) The Plaintiffs also bring Fourth Amendment claims on behalf of their children. The Plaintiffs also

allege that the Defendants' violated their due process and equal protection rights pursuant to the Fourteenth Amendment.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend, IV. A person has been "seized" for purposes of the Fourth Amendment "if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The Fourth Amendment applies to DCS employees, such as Defendants Dumas and Tinich, who perform searches in connection with their investigations. *Doe v. Heck*, 327 F.3d 492, 509 (7th Cir. 2003).

The Defendants argue that issue preclusion exists in the form of the juvenile court's probable cause finding. The Defendants argue that as the juvenile court found that probable cause existed, and the Plaintiffs have not alleged in their Complaint that the initial hearing was unfair or incomplete, issue preclusion applies. Thus, according to the Defendants, the Court cannot reach the merits of the Plaintiffs' Fourth and Fourteenth Amendment claims as they relate to the removal of the children from their home as discussed in Counts V and VII. (Defs.' Mem. in Supp. at 8.)

It is well-settled that federal courts must afford full faith and credit to both criminal and civil state court decisions. 28 U.S.C. § 1738. Issue preclusion is a form of claim preclusion, in which "all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Afolabi v. Atlantic Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006). Indiana law governs the preclusive effect of state court judgments in Section 1983 actions. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Four requirements must be met: (1) a final judgment exists from a court of competent jurisdiction; (2) the issue was litigated; (3)

the party against whom estoppel is being asserted had a full and fair opportunity to litigate the issue in question; and (4) it is not otherwise unfair to preclude relitigation. *Hill v. Myszak*, No. 2:10 CV 393, 2016 WL 1267757, at *2 (N.D. Ind. Mar. 30, 2016) (collecting cases).

"Federal courts must give state court judgments the same preclusive effect as would a court in the rendering state." *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002). In Indiana, "issue preclusion bars subsequent litigation of the same fact or issue that was necessarily adjudicated in a former suit." *Miller Brewing Co. v. Ind. Dep't of State Revenue*, 903 N.E.2d 64, 68 (Ind. 2009). The Plaintiffs argue that issue preclusion should not apply for three reasons: first, the Complaint states that the juvenile court hearing was incomplete and unfair; second, an attorney was not present; and third, a case worker provided erroneous information to the Court to facilitate an emergency order. (Pls.' Mem. in Resp. at 15–16.)

The Plaintiffs' arguments are unpersuasive. The Plaintiffs challenge the removal of the children, which was the focus of the hearing in juvenile court. The Plaintiffs were present for the hearing and there are no allegations that they were restrained from providing any statements to the juvenile court at the hearing. Once the juvenile court decided probable cause existed, the Plaintiffs had the opportunity to appeal the juvenile court's order. The juvenile court's finding of probable cause is entitled to preclusive effect and the Plaintiffs are not entitled to relitigate that determination in this forum. *See, e.g., Justice v. Justice*, 303 F. Supp. 3d 923, 940 (S.D. Ind. 2018). Accordingly, the Plaintiffs' Fourth and Fourteenth Amendment claims as they relate to the removal of the Williams children in Count VII are DISMISSED WITH PREJUDICE based on the doctrine of issue preclusion.

The Court has dispensed with the Plaintiffs' illegal search and seizure claims as to the Williams' children, only the Williams' parents claims for illegal search and seizure remain. The

Plaintiffs argue that the Defendants' violated their Fourth Amendment right to be free from unreasonable search and seizure when the Defendants removed their children form their home. The Defendants argue that the Plaintiffs were never seized for the purpose of the Fourth Amendment. Further, the Defendants argue that the parents cannot assert Fourth Amendment rights on behalf of their children.

Freedom from search and seizure is a personal right that may not be submitted on behalf of others. *Young v. Murphy,* 90 F.3d 1225, 1236 (7th Cir. 1996). The Plaintiffs allege that their children were seized, not that they themselves were seized also seized. As the Plaintiffs themselves, "were not seized; thus, their claims are properly analyzed under substantive due process." *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 474 (7th Cir. 2011). The Court thus DISMISSES WITHOUT PREJUDICE Plaintiffs' Count VII

**6.** *Plaintiffs' Substantive Due Process Arguments (Count V)*

The Plaintiffs combine their due process and equal protection claims pursuant to the Fourteenth Amendment in Count V of the Second Amended Complaint. As the Plaintiffs failed to differentiate in the pleadings which claims were brought pursuant to which theory, the Court is obligated to do so and will address them separately.

The right to familial relations is one of the "oldest of the fundamental liberty interest recognized." *Brokaw*, 235 F.3d at 1018. Parents have a liberty interest in familiar relations, which includes the right to "establish a home and bring up children" and "to control the education of their own." *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). This right is not absolute and does not include the right to be free from child abuse investigations. *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003), *as amended on denial of reh'g* (May 15, 2003) (citing *Brown v. Newberger*, 291 F.3d 976, 983 (7th Cir. 2002).

A caseworker does not violate a parent's substantive due process rights by removing a child pursuant to a court order. *East v. Lake Cty. Sheriff Dep't*, No. 2:14-CV-058 PPS JEM, 2015 WL 5286920, at *6 (N.D. Ind. Sept. 9, 2015) (citing *Doe*, F.3d at 514). The Plaintiffs aver that there was a court order that resulted in the removal of the Williams children. As such, any due process claims relating to the removal of the Williams' children pursuant to a court order is inappropriate. Therefore, the Court DISMISSES WITHOUT PREJUDICE the Plaintiffs' due process claims against Defendants Dumas and Tinich.

**7.**     *Plaintiffs' Equal Protection Claims (Count V)*

The Defendants also argue that the Plaintiffs' Due Process Equal Protection claim must be dismissed. The Defendants argue that the Plaintiffs have the burden of alleging and proving purposeful discrimination because they are a member of a class. (Defs.' Mem. in Supp. at 12.)

Individuals facing racial discrimination by a state actor, proscribed by the Equal Protection Clause, may seek relief pursuant to 42 U.S.C. § 1983. "Local governments and their officials may be held responsible under § 1983 only if the injury was caused by an official law, custom, or policy." *Heck v. Dearborn Cnty. Jail*, 972 F.2d 351 n. 1 (7th Cir. 1992) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To demonstrate that a municipal policy has violated her civil rights under section § 1983, the Plaintiffs must allege: (1) the [municipality] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [municipality] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

The Plaintiffs' Complaint fulfills the first two requirements. The Plaintiffs, however, fail to plead any facts suggesting that either Defendants Dumas or Tinich were persons with final policymaking authority regarding the removal of children. As such, the Plaintiffs have failed to state a claim and the Court DISMISSES WITHOUT PREJUDICE the Plaintiffs' equal protection claim.

**8.** *Plaintiffs' Conspiracy Claims (Count VIII)*

The Plaintiffs allege that the Defendants action constituted a conspiracy. The Defendants argue that the Plaintiffs' conspiracy claims are barred due to the intra-corporate conspiracy doctrine. (Defs.' Mem. in Supp. at 13.)

The Court notes that the Plaintiffs do not bring their conspiracy claim pursuant to 42 U.S.C. § 1985. Rather, the Plaintiffs bring their conspiracy claim pursuant to 42 U.S.C. § 1983. "[C]onspiracy is not an independent basis of liability in § 1983 actions." *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008). To establish § 1983 liability under a conspiracy theory, a plaintiff must demonstrate: (1) that a state official and one or more private individuals reached an understanding to deprive the plaintiff of his constitutional rights; and (2) that those individuals were willful participants in joint activity with the state actors. *Williams v. Seniff,* 342 F.3d 774, 785 (7th Cir. 2003).

The Plaintiffs fail to allege that a private individual deprived them of their constitutional rights. Under the intra-corporate conspiracy doctrine, "a conspiracy cannot exist between members of the same governmental entity nor between the entity and one of its employees." *Apulonu v. McGowan,* No. 03 C 4546, 2004 WL 2034084, at *7 (N.D. Ill. Aug.12, 2004). *See also Beese v. Todd,* 35 Fed. Appx. 241, 243 (7th Cir. 2002). The Plaintiffs attempt to evade the Defendants' argument by arguing that they also bring claims against "unnamed John Does."

15

(Pls.' Mem. in Resp. at 20.) Mere suspicion that persons adverse to the plaintiff, who may or may not be private citizens, have joined a conspiracy [i]s not enough" to survive a motion to dismiss. *Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir. 2009). The Plaintiffs' conspiracy allegations against John Does are bare and reveal mere suspicion. Accordingly, the Plaintiffs have failed to state a claim and the Court DISMISSES WITHOUT PREJUDICE Count VIII of the Plaintiffs' Complaint.

C.     **Plaintiffs' State-Law Tort Claims (Counts I, II, III, VI)**

The Plaintiffs' state law tort claims remain. The Plaintiffs assert that the Court has jurisdiction over their state-law tort claims pursuant to 28 U.S.C. §§ 1331 and 1343. Although the Defendants argue that they are subject to immunity, the Court need not reach such arguments for the simple reason that the Court lacks jurisdiction to hear the Plaintiffs' state-law claims.

The Plaintiffs state that all parties are citizens of Indiana, so federal question jurisdiction does not apply to their state-law claims. These claims do not arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. at 63. The Plaintiffs' Complaint fails to do so.

The Plaintiffs also claim jurisdiction pursuant to 28 U.S.C. § 1343. Section 28 U.S.C. § 1343 provides that:

> a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

16

> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

As discussed above, the Plaintiffs do not assert a § 1985 conspiracy in their Complaint, as required in § 1343(1) and (2). Finally, Section 1343(3) requires that the alleged deprivation of rights be conducted "under color of any State law, statute, ordinance, regulation, custom or usage." This provision requires that the defendants have acted under color of state law, and this Court has already determined that these Defendants did not act under color of state law. Therefore, the Court lacks jurisdiction over the Plaintiffs' state-law claims. The Court therefore DISMISSES WITHOUT PREJUDICE.

## CONCLUSION

Based on the foregoing the Court GRANTS the Defendants' Motion to Dismiss [ECF No. 67] and therefore:

- DISMISSES WITH PREJUDICE Counts I–XI as to Defendant DCS;

- DISMISSES WITHOUT PREJUDICE Counts I–VI, VIII–XI as to Defendant Dumas;

- DISMISSES WITHOUT PREJUDICE Counts I–VI, VIII–XI as to Defendant Tinich; and

- DISMISSES WITH PREJUDICE Count VII as to Defendants Dumas and Tinich.

The Plaintiffs' Second Amended Complaint [ECF No. 66] is thus DISMISSED.

SO ORDERED on July 9, 2019.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT